**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

JANE DOE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PANTHERX SPECIALTY, LLC d/b/a PANTHERX RARE PHARMACY,

Defendant.

Case No. 2:26-cv-02094

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff, Jane Doe, through her undersigned counsel, respectfully moves the Court to permit her to pursue this action, under the pseudonym "Jane Doe," and in support thereof state as follows:

1. This case arises from the non-consensual intrusion into, and disclosure of, Plaintiff's personal and private matters, specifically her highly sensitive personal identifiable information ("PII") and protected health information ("PHI")—together "Private Information." As a result, this litigation involves the disclosure of Plaintiff's name, date of birth, Social Security number, Driver's license number, financial information, medical records, and health insurance information.

2. Plaintiff is currently a patient with PANTHERx Specialty, LLC d/b/a PANTHERx Rare Pharmacy (*hereinafter* "PANTHERx") and has reasonable fears of jeopardizing her access to care for a rare disease if her actual name were to be disclosed at this stage.

3. PATHERx is a specialty pharmacy that provides medications, clinical support, and

care coordination for patients with *rare* and *complex* diseases who might otherwise face limited access to such care.

4. Additionally, due to the sensitive nature of her Private Information, Plaintiff requests permission to proceed under a pseudonym to protect her identity and her sensitive information from further public disclosure.

5. Plaintiff also moves the Court to order Defendant to maintain the confidentiality of her identity by using only pseudonyms in all of its filings, including exhibits in which her name appears.

***Controlling Law***

6. Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon Plaintiff's motion.

7. The Third Circuit has allowed plaintiffs to proceed anonymously in exceptional cases. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). To receive permission to proceed anonymously, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id*.

8. When a plaintiff sufficiently alleges these factors, the court should "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id*. The Court of Appeals for the Third Circuit has directed district courts to consider the following factors when *in favor* of a motion to proceed under pseudonym,

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or

> otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives,"

and, when *against*:

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id*. at 409 (*quoting Doe v. Provident Life and Accident Ins. Co*., 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)).

9. Although *Provident Life* factors are highly instructive, the Third Circuit emphasized that courts are not required to consider any or all of them, nor must they use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion. *Megless*, 654 F.3d 404, 409 (3d Cir. 2011).

***Application of Law***

10. Here, Plaintiff's interests in proceeding pseudonymously at this stage are strong, while the public interest in immediate disclosure of her name is weak, and Defendants suffer no prejudice by not learning Plaintiff's actual name at this stage in litigation.

11. This case involves the unauthorized disclosure of Plaintiff's highly sensitive Private Information, which she disclosed in confidence to Defendant, in exchange for medical services to treat her rare disease. *See Doe v. Megless*, 654 F.3d 404 (reasoning that courts have permitted the use of pseudonyms in cases involving sensitive medical and personal matters); *Doe v. Morrisville*, 130 F.R.D. 612. *See also Doe v. CVS Pharm., Inc*., No. C18-1031, 2022 U.S. Dist.

LEXIS 139684, at *1 n.1 (N.D. Cal. Aug. 5, 2022) (noting HIV-positive plaintiffs challenging access to HIV medication, two of whom had passed away during the course of litigation, were anonymous "due to the sensitive nature of this action"). Because this case involves Plaintiff's highly sensitive Private Information, disclosure of her identity to the public risks additional retaliation—whereby public disclosure could compromise access to irreplaceable, life-sustaining treatments—significantly outweighing the public's general interest in knowing Plaintiff's name.

12. Furthermore, such disclosure would revictimize Plaintiff, who has already alleged suffering mental harm and emotional distress as a result of Defendant's exposure of Plaintiff's Private Information to unauthorized third parties (cybercriminals). By allowing Plaintiff to proceed pseudonymously, Plaintiff seeks to limit her damages further, by limiting, to the extent possible, the necessity of her name on public dockets and filings.

13. There is no public interest in the disclosure of the Plaintiff's identity. Plaintiff has no ulterior motives and does not seek to seal the case, nor does she desire the facts to be shielded from the public eye–Plaintiff merely seeks to prevent the disclosure of her actual name as part of a public record in a case that involves her private information. *See Lozano v. City of Hazleton*, 620 F.3d 170.

14. Proceeding pseudonymously is the surest way to protect Plaintiff under the circumstances and there is no "alternative mechanism for protecting the confidentiality of the plaintiff." *See Doe v. Megless*, 654 F.3d 404, 408 n.2 (3d Cir. 2011) (quoting *Doe v. Sealed Plaintiff,* 537 F.3d 185, 190 (2d Cir. 2008)).

15. The above privacy interests in protecting Plaintiff's identity from being publicly released, including the highly personal information implicated by this action and the desire to prevent her Private Information from being further publicized, override the right of public access.

Plaintiff therefore seeks an order requesting permission to proceed under a pseudonym to protect her identity from public disclosure. Plaintiff will disclose her identity to counsel for Defendant for purposes of the litigation only.

16. Plaintiff also moves the Court to order Defendant to maintain the confidentiality of her identity by using only pseudonyms in all of its filings, including all exhibits in which her name appears.

Dated: September 22, 2026

Respectfully submitted,

*/s/ Andrew W. Ferich*

Andrew W. Ferich (PA 313696)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

**Pro hac vice forthcoming*
*Attorneys for Plaintiff and Proposed Class*